IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHELLE D. CAMP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | Case No. 3:10-CV-00241-N |
| WACHOVIA MORTGAGE CORPORATION | § | |
| and WORLD SAVINGS BANK, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS RESPONSE TO DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT (ADDRESSING PLAINTIFF'S
CLAIMS BASED ON ALLEGED VIOLATIONS OF THE TEXAS DECEPTIVE
TRADE PRACTICES-CONSUMER PROTECTION ACT, TEXAS PROPERTY CODE,
TEXAS BUSINESS & COMMERCE CODE AND TEXAS FINANCE CODE)**

Plaintiff Michelle D. Camp hereby files her Brief in Support of her Response to

the Motion for Partial Summary Judgment (Addressing Plaintiff's Claims Based on

Alleged Violations of the Texas Deceptive Trade Practices-Consumer Protection Act,

Texas Property Code, Texas Business & Commerce Code and Texas Finance Code) (the

"Motion") filed by Defendant Wachovia Mortgage, a Division of Wells Fargo Bank,

N.A., as follows:

**I.  SUMMARY**

The Motion is predicated on two grounds alleged by Defendant Wachovia

Mortgage, a Division of Wells Fargo Bank, N.A. ("Wachovia"):  (1) Plaintiff's DTPA

claims must fail because Plaintiff is not a "consumer" as defined by the DTPA;  and (2)

the other challenged claims fail because Wachovia possesses the promissory note at

issue herein.   The Motion must be denied because (1) Plaintiff is a "consumer" under

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT – Page 1**

the DTPA and (2) Defendant has provided no evidence that it possessed the note at the relevant time period.

## II.  INTRODUCTION

This lawsuit arises out of Plaintiff's attempts to pay off her home mortgage loan. She refinanced her home in 1999, signing a promissory note and deed of trust with Defendant World Savings Bank.  In 2008, she attempted repeatedly to obtain a payoff amount for the loan, but was given different amounts for the payoff at different times from different bank employees.  Plaintiff has tendered payment on the Note (pursuant to bank representations as to what the correct amount is), but the lien encumbering her property still has not been released.

## III.  STATEMENT OF MATERIAL FACTS

The following statement of Material Facts is supported by the Affidavit of William "Bill" Camp contained in the Appendix filed contemporaneously herewith.

1.      Closing on the refinancing occurred in December 1999.   The closing was performed by an agent American Title Company.  Despite the fact that the lender was World Savings Bank, a Federal Savings Bank d/b/a Golden West Financial Corporation, ("WSB"), no WSB agent was present at the closing.  Appendix, p. 1.

2.      The loan was secured through Cornerstone Mortgage Company ("Cornerstone").  At all times, it was represented to Plaintiff by the Cornerstone representative, Elaine Barrett, that the loan for the home in question was being secured from WSB.  Appendix, p. 1.

3.      The documents presented to Plaintiff at the closing included multiple documents, including a Note and Deed of Trust.  The documents were created and

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT – Page 2**

assembled (and then re-created to make a correction and re-assembled), then presented to Plaintiff, all by the American Title Company employee.  Appendix, p. 2.

4.       At no time did WSB ever notify Plaintiff or her counsel of a change in the owner or holder of the note in question in this suit.  Appendix, p. 2.

5.       Since 2000, the mailing address of Plaintiff's husband's law office has been designated as the mailing location for all legal notices under the note and deed of trust.  Plaintiff's husband has received no notice from WSB or anyone purporting to act on WSB's behalf regarding the note and deed of trust on the aforementioned property.  Appendix, p. 2.

6.       Some of the charges assessed to Plaintiff's account were because Wachovia purchased hazard insurance for the property, and charged Plaintiff's account for the price of the insurance, which was approximately $7,500 annually. However, Wachovia was required to demand proof of insurance from Plaintiff before purchasing hazard insurance on her behalf.  Appendix, p. 3.

7.       Plaintiff received no demand from Wachovia for proof of insurance, nor was she notified that Wachovia planned to purchase insurance.  Appendix, p. 3.

### IV.  OBJECTIONS TO WACHOVIA'S EVIDENCE

Plaintiff hereby asserts the following objections to the evidence provided by Wachovia in support of its Motion, and further asks that this evidence be stricken:

**A.       Barnas Affidavit.**

Plaintiff objects to the Affidavit of Mike Barnas ("Barnas Affidavit") as follows:

1.       <u>Lack of personal knowledge:</u>  The Note clearly states that it is by and between Plaintiff Michelle Camp and World Savings Bank.  The Barnas Affidavit states that his "personal knowledge" as to the contents of his affidavit comes from the fact that

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT – Page 3**

he is currently a vice president of loan documentation for Wachovia.  However, Barnas is attempting to prove up a purported business record of World Savings Bank.

Pursuant to Fed. R. Evid. 803(6), records of a "regularly conducted activity" can be admissible under certain circumstances not met herein.  There is no evidence in the Barnas Affidavit as to how he, a Wachovia vice president, purports to have personal knowledge regarding the business practices of World Savings Bank, a separate entity, for a note that was signed nearly 12 years ago.   The Note fails as a business record; Barnas has no knowledge as to whether the Note "was prepared at or near the time or reasonably thereafter the business transaction… was completed." *See* Fed. R. Evid. 803 and 902 (requiring personal knowledge for a business records affidavit).  The Barnas Affidavit does not establish that Barnas has personal knowledge as to the policies and procedures of World Savings Bank at the time the Note was signed, or that he was ever even employed by World Savings Bank.  The Barnas Affidavit and its exhibit must be stricken for lack of personal knowledge.  *See* Fed. R. Civ. P. 56(c)(4); *Evans v. Technologies Applications & Serv.,* 80 F.3d 954, 962 (4th Cir. 1996).

2.  Relevancy:  The Barnas Affidavit states that Wachovia currently possesses the Note.  However, it states nothing about whether Wachovia possessed, owned or serviced the Note at the time the facts giving rise to this lawsuit occurred;  *i.e.,* at the time misrepresentations were made by the Defendants,  at the time Defendants added improper charges to Plaintiff's account, etc.  None of the facts alleged in Plaintiff's Complaint deals with the Note on or after October 22, 2010 (the date the Barnas Affidavit states he mailed Exhibit A-1 to Hermes Sargent Bates).  The purported fact that Wachovia now has the Note does not mean that Wachovia had the Note at the relevant time period;  further, the Barnas Affidavit does not state when Movant Wachovia, a

Division of Wells Fargo Bank, N.A. (as opposed to Wells Fargo or the previous incarnations of Wachovia) obtained possession of the Note. There is no evidence as to the chain of title of the Note, or if and how World Savings Bank's interest in the Note was transferred. Therefore, the Barnas Affidavit should be stricken in its entirety as irrelevant.

3. <u>Accuracy:</u> The Barnas Affidavit and Exhibit A-1 thereto should be stricken because it incorrectly states that the exhibit is a "true and correct copy" of the Note. However, the exhibit contains a notation stating "Received October 25 2010 Hermes Sargent Bates," which could not have been part of the original Note that was signed in 1999. Therefore, the Barnas Affidavit and Exhibit A-1 must be stricken as untruthful and unreliable.

**B.      Moore Affidavit.**

Plaintiff objects to the Affidavit of Kimberly Moore (the "Moore Affidavit"), as follows:

1. <u>Personal knowledge:</u> Plaintiff objects that the Moore Affidavit states that she received the original Note from Barnas; the affidavit does not show that she has any personal knowledge as to whether the attached note is, in fact, the "original" Note. This portion of the Moore Affidavit should be stricken.

2. <u>Accuracy:</u> Paragraph No. 4 and Exhibit A-1 of the Moore Affidavit should be stricken because it incorrectly states that the note attached thereto is a "true and correct copy" of the Note. However, the exhibit contains a notation stating "Received October 25 2010 Hermes Sargent Bates," which could not have been part of the original Note that was signed in 1999. Therefore, Paragraph No. 4 and Exhibit A-1 of the Moore Affidavit must be stricken as untruthful and unreliable.

For the reasons stated above, Plaintiff moves that the exhibits be stricken and Wachovia's Motion be denied on this basis alone.

## V. LEGAL ARGUMENTS AND AUTHORITIES

### A.   Plaintiff's DTPA Claim and Finance Code Tie-In Claim.

Wachovia alleges that it is entitled to summary judgment on Plaintiff's Deceptive Trade Practices Act ("DTPA") claim (as well as the Texas Finance Code tie-in claim) based solely on its contention that Plaintiff is not a "consumer" as defined by the DTPA. This lawsuit, Wachovia contends, is solely about a loan of money, which is not covered by the DTPA.  For the purposes of its Motion as to the DTPA claim, Wachovia challenges only whether Plaintiff meets the DTPA's definition of a "consumer."

In this case, a loan of money provides the backdrop of Plaintiff's DTPA claim in that World Savings Bank provided a loan to Plaintiff and Wachovia purports to be World Savings Bank's successor-in-interest.[1]  However, this particular claim (as well as the Texas Finance Code tie-in claim) is based something significantly narrower:  the fraudulent purchase of hazard insurance.  Such fraudulent purchases of hazard insurance by Defendants led Defendants to increase the payoff amounts on the Note because Defendants improperly applied policy premiums, fees and other charges to the payoff amount.  This thereby caused Defendants to fail to release the lien after the principal and interest were paid off.

The lender is required by the Note and Deed of Trust to purchase hazard insurance only if Plaintiff fails, after demand is made by the lender, to provide proof that she has purchased insurance covering the subject property.  In this case, without providing a demand notice to Plaintiff, Wachovia and/or its predecessors-in-interest

---

[1] Wachovia makes this claim without providing evidence in support of its Motion for Summary Judgment.

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT – Page 6**

purchased hazard insurance at a cost of more than $7,500 per year and charged Plaintiff for such purchases. *See* Material Fact Nos. 7-9.

In order to be considered a "consumer" under the DTPA, a plaintiff must have sought or acquired goods or services by purchase or lease. Tex. Bus. & Comm. Code § 17.45(4). Plaintiff need not have "acquired" the goods directly; she still has consumer status although Wachovia was the actual initial purchaser. "[T]he DTPA does not require the consumer to be an actual purchaser or lessor of the goods or services, as long as the consumer is the beneficiary of those goods or services." *Arthur Anderson & Co. v. Perry Equip Corp.,* 945 S.W.2d, 812, 815 (Tex. 1997).

An insurance policy is considered a "service" for the purposes of the DTPA. *See 3Z Corp. v. Stewart Title Guar. Co.,* 851 S.W.2d 933, 937 (Tex. App.—Beaumont 1993, writ denied); *Dairyland Cty. Mut. Ins. Co. v. Harrison,* 578 S.W.2d 186, 190 (Tex. App.—Houston [14th Dist.] 1979, no writ). The annual insurance policies were purchased for the benefit of Plaintiff because they covered her property (both real and personal) and (if done pursuant to the terms of the Note) would absolve her of the need to acquire hazard insurance. Material Fact Nos. 7-9.

In summary, Wachovia and its predecessors-in-interest purchased hazard insurance on behalf of Plaintiff in violation of the terms of the Note. Therefore, not only was the purchase fraudulent, but also the purchase price for the hazard insurance was added to the payoff amount (among other fraudulent charges), thereby causing Wachovia to refuse to release the lien encumbering Plaintiff's property despite the fact that Plaintiff had paid all principal and interest due and owning on the Note. By purchasing hazard insurance on behalf of Plaintiff, Wachovia and its predecessors-in-interest conferred "consumer" status on Plaintiff for the purposes of the DTPA.

Alternatively, a fact question exists as to whether Plaintiff is a "consumer," thereby precluding summary judgment. In either case, Wachovia's Motion must be denied as to Plaintiff's DTPA and Finance Code tie-in claims.

**B.      Wachovia's Motion Fails as to the Remaining Claims.**

Wachovia next challenges Plaintiff's Texas Property Code, Texas Business and Commerce Code and Texas Finance Code claims on identical grounds: it alleges that, because it currently possesses the Note, Plaintiff's claims fail.

As shown in Section IV of this Response Brief, *supra,* the Barnas Affidavit purports to provide a true and correct copy of the original Note, which Barnas alleges is kept by Wachovia. Assuming *arguendo* the truth of this assertion as well as the admissibility of an unproven business record, nowhere does the Barnas Affidavit state that Wachovia (1) was the possessor, holder or servicer of the Note at the time that the facts alleged in the Complaint occurred; or (2) how Wachovia came to possess the Note in a manner that would indicate that Wachovia is, in fact, a successor-in-interest to World Savings Bank, the actual party to the Note. *See* Wachovia's Appendix, pp. 34-35. Even the stamped blank endorsement on the Note (Plaintiff's Appendix, p. 41) does not have a date indicating when any transfer was made. Therefore, there is no evidence in support of the Motion that Wachovia was the holder, possessor or owner of the Note during the relevant time period. The Motion fails as a matter of law.

Summary judgment is proper only if the movant's evidence shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party. *Anderson v. Liberty Lobby*, 477 US. 242, 106 S. Ct. 2505, 91 L.Ed.2d (1986). This Court must view the evidence

in the light most favorable to Plaintiff as the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).  It is Wachovia's burden to demonstrate that no genuine issue of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  Wachovia has not proven as a matter of law that it was the holder, owner or possessor of the Note during the relevant time period.  Because Wachovia had not met this burden, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985).

Even assuming Wachovia is and was a holder of the Note, a holder, possessor or owner is not exempt from its violations of the Texas Property Code, the Texas Business and Commerce Code and the Texas Finance Code.  Wachovia has provided no evidence showing otherwise.

### V.  CONCLUSION

For the reasons stated herein, Plaintiff requests that the Court deny Wachovia's Motion for Summary Judgment, and award her such further relief to which she is justly entitled.

Respectfully submitted,

**DANISE A. McMAHON, ATTORNEY AT LAW**


By:   _/s/ Danise A. McMahon_____
     **DANISE A. McMAHON**
     State Bar No. 00796148
P.O. Box 702833
Dallas, Texas 75370
(469) 233-7736
(469) 814-8504 (fax)

**ATTORNEY FOR PLAINTIFF MICHELLE CAMP**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 7th day of December, 2010, a true and correct copy of the foregoing document was forwarded to Defendants' counsel of record via facsimile and the Court's ECF filing system, in accordance with the Federal Rules of Civil Procedure:

        Andrew Soule
        Kimberly Moore
        Hermes Sargent Bates, LLP
        901 Main St., Suite 5200
        Dallas, Texas 75202

        /s/ Danise A. McMahon_____
        DANISE A. McMAHON

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT – Page 10**